IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| N. K., AN INFANT, BY SHORRI KING, HER NEXT FRIEND ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | Case No. 6:21-CV-00042-NKM-RSB |
| CHARLIE WEBB BRANHAM and ECO HAULING, INC. ) ) ) ) | |
| Respondents. ) | |

## AMENDED PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT

**COMES NOW**, Petitioner, N.K., an infant, by Shorri King, her next friend (hereinafter "Petitioner"), by counsel, and respectfully requests that this Court approve the compromise and settlement reached by the parties for the reasons set forth as follows:

1. This Amended Petition is filed as the claimant, infant N.K. is, and was, a minor at all times relevant to the claims raised on her behalf.

2. Shorri King, in addition to acting as the next friend of N.K., is the natural mother of N.K. Alexander Scott King is natural father of N.K.

3. Shorri King and Alexander Scott King share physical and legal custody of N.K. as outlined Custody Agreement as agreed to in **Attachment "A"**. Shorri King resides at 3020 South Rutherford Blvd, #B7, Murfreesboro, TN 37130 and Alexander Scott King resides at 5015 73rd Ave LaVergne, TN 37086.

4. N.K.'s date of birth is December 13, 2010 and resides with Shorri King at 3020 South Rutherford Blvd., #B7, Murfreesboro, TN 37130.

5. N.K. was involved in motor-vehicle accident on June 1, 2015 on Interstate 81 at Exit 205 off-ramp at the intersection of Route 606 in Rockbridge County, Virginia that resulted in injury due to the alleged negligence of Charlie Webb Branham while operating a tractor-trailer owned by Eco Hauling, Inc. (hereinafter "Respondents"). The driver of N.K.'s host vehicle was her father, Alexander Scott King.

6. The Respondents' place of business is located at 371 Sorbie Lane, Mineral, Virginia 23117.

7. Petitioner, N.K., by and through her next friend, Shorri King, have reached a compromised settlement with the Respondents.

8. N.K. was four (4) years old at the time the motor-vehicle accident took place.

9. As N.K. is presently ten (10) years old, she is an infant and is in need of the appointment of a properly qualified Guardian *ad litem*.

10. Selective Way Insurance Company provided liability coverage to the Respondents at the time of the motor-vehicle accident.

11. Respondents, by way of a compromised settlement of doubtful and disputed claims, for which payment made herein is not to be construed as an admission of liability on the part of the persons, firms, and corporations hereby released, and by whom liability is expressly denied, Selective Way Insurance Company is willing to pay a sum certain in compromise of the N.K.'s injury claim provided that Selective Way Insurance Company and Respondents received a complete release and discharge from any and all liability to N.K. for any and all damages including, but not limited to, injury, physical or mental, and/or health-care expenses related thereto, arising from the alleged incidents.

IN CONSIDERATION HEREOF, Petitioner, N.K., an infant, by Shorri King, her next friend, by counsel, respectfully request that:

(a) The Court confirm and approve Linette E. Joy, Esq. of Linette Joy, PLC as the Guardian *ad litem* to protect the interests of N.K., an infant, to advise the Court whether she believes the proposed compromise to be fair and in the best interest of this minor child, and on any other matters as the Court may direct;

(b) The Court confirm and approve the compromised settlement, and enter an Order approving the same, that the Petitioner, N.K., an infant, by Shorri King, her next friend, by counsel, individually, and on behalf of all of her heirs, personal representatives, estates, survivors, descendants, insurers, attorneys, administrators, successors, lienholders, and assignees, hereby fully and finally releases, acquits, and forever discharges the Respondents, and their subsidiaries, divisions, insurers, affiliates, directors, officers, agents, employees, shareholders, successors, assignees, insurance carriers, and/or attorneys, from and against any and all claims, demands, liabilities, damages, actions, or causes of action of any kind and every nature whatsoever which the Petitioner has, or has ever had, whether known or unknown, at the date of this Court's entered Order approving the compromised settlement resulting from, arising out of, or connected with, directly or indirectly, any and all incidents and circumstances which form or formed the basis for the Petitioner's Complaint filed in the Rockbridge Circuit Court under Docket No. CL21000517-00, before the action was removed to USDC Western District – Lynchburg Division under Docket No. 6:21-cv-00042-NKB-RSB, regarding any and all personal injuries and other damages sustained in the alleged June 1, 2015 motor-vehicle accident;

(c) The Court confirm and approve the compromised settlement, and enter an Order approving the same, that the Petitioner, N.K., an infant, by Shorri King, her next friend, by

counsel, individually, and on behalf of all of her heirs, personal representatives, estates, survivors, descendants, insurers, attorneys, administrators, successors, lienholders, and assignees, hereby fully and finally releases, acquits, and forever discharges the Respondents' insurance carrier, Selective Way Insurance Company, and its subsidiaries, divisions, insurers, affiliates, directors, officers, agents, employees, shareholders, successors, assignees, and/or attorneys, from and against any and all claims, demands, liabilities, damages, actions, or causes of action of any kind and every nature whatsoever which the Petitioner has, or has ever had, whether known or unknown, at the date of this Court's entered Order approving the compromised settlement resulting from, arising out of, or connected with, directly or indirectly, any and all incidents and circumstances which form or formed the basis for the Petitioner's Complaint filed in the Rockbridge Circuit Court under Docket No. CL21000517-00, before the action was removed to USDC Western District – Lynchburg Division under Docket No. 6:21-cv-00042-NKB-RSB, regarding any and all personal injuries and other damages sustained in the alleged June 1, 2015 motor-vehicle accident;

   (d) That the Respondents' insurance carrier, Selective Way Insurance Company, on behalf of its insured, will make a lump sum payment and periodic payments upon approval by the Court having a present value in the amount of Seventy Thousand Dollars and No Cents ($70,000.00) to be paid and distributed into a structured settlement as follows:

      i. Cash at settlement is the amount of Thirty-Six Thousand Seven Hundred Eleven Dollars and Seventy-Five cents ($36,711.75) payable by check to Spicer Olin & Associates, PC for attorneys' fees, liens, and costs broken down as follows:

      a. Twenty-Three Thousand, Three Hundred and Thirty-Three dollars and Thirty-Three Cents ($23,333.33) is payable to Spicer Olin & Associates, PC for its attorney's fee;

      b. Twelve Thousand, Six Hundred and Fourteen Dollars and Forty-Four cents ($12,614.44) is payable to Spicer Olin & Associates, PC for satisfying the Aetna Health Insurance Company c/o The Rawlings Company for the ERISA healthcare lien;[1]

      c. Seven Hundred and Sixty-Three dollars and Ninety-Eight cents ($763.98) is payable to Spicer Olin & Associates, PC for expenses.

ii. Future periodic payments funded for the cost of Thirty-Three Thousand Two Hundred Eighty-Eight dollars and Twenty-Five cents ($33,288.25), funded by Selective Way Insurance Company according to the schedule as follows (the "Periodic Payments"), payable to N.K. (Payee) as follows:

(a) Ten Thousand Dollars and No Cents ($10,000.00 payable as a lump sum on June 15, 2029, guaranteed,

(b) Thirteen Thousand Dollars and No Cents ($13,000.00) payable as a lump sum on December 13, 2031, guaranteed, and

(c) Sixteen Thousand Seven Hundred Fifteen Dollars and Sixty-Three Cents ($16,715.63) payable as a lump sum on December 13, 2034, guaranteed.

iii. The cost of the Periodic Payments is disclosed above as a condition of settlement. No part of the cost of the Periodic Payments may be paid

---

[1] Attached hereto as **Exhibit A** is correspondence from the Rawlings Company that it has closed its file related to this matter and Check No. 3178 from Spicer Olin & Associates, PC satisfying the lien

          directly to the Petitioner or any Payee, inasmuch as the parties negotiated for a structured settlement, and the Periodic Payments, and all other sums set forth herein, constitute damages on account of personal physical injuries or sickness, within the meaning of §104(a)(2) of the Internal Revenue Code of 1986, as amended;

iv. Petitioner acknowledges and agrees that the Respondents will make a "qualified assignment", within the meaning of §130(c) of the Internal Revenue Code of 1986, as amended, of the Respondents' liability to make the Periodic Payments set forth herein;

v. The obligation to make the periodic payments described herein may be assigned to Pacific Life & Annuity Services, Inc. and funded by an annuity contract issued by Pacific Life Insurance Company; and

vi. Any payments to be made after the death of any Payee/Petitioner pursuant to the terms of the executed Settlement Agreement shall be made to such person or entity as shall be designated in writing by Petitioner to the Insurers or the Insurers' Assignee, upon reaching the age of majority. If no person or entity is so designated by Petitioner, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Insurers or the Insurers' Assignee. The Designation must be in a form acceptable to the Insurers or the Insurers' Assignee before such payments are made, but, in

      no event, shall the request of the payee be unreasonably withheld or denied.

(e) It is further requested that this Court enter all such orders as may be necessary as to effectuate the purposes of this Amended Petition.

                Respectfully submitted,

                N.K., AN INFANT, BY
                SHORRI KING, HER NEXT
                FRIEND

            By: */s Kristopher R. Olin*

Kristopher R. Olin, Esq. (VSB #78890)
Spicer Olin & Associates, PC
504 South Main Street
Blacksburg, Virginia 24060
Tel.: (540) 552-0007; Fax: (540) 951-5139
E-mail: kolin@spicerlawfirm.com

*Counsel for Petitioner N.K., an infant,*
*By Shorri King, her next friend*

## **CERTIFICATE OF SERVICE**

  On June 21, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing Amended Petition for Approval of Compromise Settlement filed using the ECF system, which provided notice to the following parties:

Donald E. Morris, Esq. (VSB #72410)
Robert Harrington & Associates
1011 Boulder Springs Drive, Ste. 250
Richmond, Virginia 23225
Direct: (804) 422-6161; Fax: (855) 721-4005
E-mail: donald.morris@selective.com

*Counsel for Respondents Charlie Webb Branham*
*and ECO Hauling, Inc.*

  On June 21, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing Amended Petition for Approval of Compromise Settlement mailed, via first class mail, to the following parties:

Linette E. Joy, Esq.
Linette Joy, PLC
P.O. Box 21083
Roanoke, Virginia 24018
Tel. (540) 904-6705
E-mail: linettewells@cox.net
  *Guardian Ad Litem for N.K.*

Pacific Life & Annuity Services, Inc.
700 Newport Center Drive
Newport Beach, California 92660

Aetna Health Insurance Company
c/o The Rawlings Company
P.O. Box 2000
LaGrange, KY 40031-2000

Alexander King
5015 73rd Ave
LaVergne, TN 37086

             ___*/s Kristopher R. Olin*_____