IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/26/2023

LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

| | |
|---|---|
| N. K., AN INFANT, BY SHORRI KING, HER NEXT FRIEND | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 6:21-CV-00042-NKM-RSB |
| CHARLIE WEBB BRANHAM and ECO HAULING, INC. | ) ) ) ) |
| Respondents. | ) |

## ORDER OF COMPROMISE SETTLEMENT

CAME THIS DAY, the parties, by their respective counsel, on the Petitioner's motion for court approval of a compromise settlement reached between the parties of a claim for injuries; and

IT APPEARING TO THE COURT after having considered the matters set forth in the Petition and Answer of the Respondents, that the proposed compromise is fair and reasonable and in the best interest of the parties herein; and

IT FURTHER APPEARING TO THE COURT that N.K., an infant, by Shorri King, her next friend, has agreed to a compromise settlement of the claim for injuries as set forth in the Petition for Approval of Settlement, Dkt. 31, and the Settlement Agreement and Release; and further,

IT APPEARING TO THE COURT that the settlement of this claim by Petitioner for the cash and periodic payments with full present value of Seventy Thousand Dollars and No Cents ($70,000.00), is fair and reasonable and in the best interest of the parties herein;

ORDERED, ADJUDGED and DECREED that the proposed compromise between the parties arising out of the regarding any and all personal injuries and other damages sustained in

the alleged June 1, 2015 motor-vehicle accident, is hereby ratified, approved and confirmed, Dkt. 31; and it is further ORDERED, ADJUDGED and DECREED that the sum of Seventy Thousand Dollars and No Cents ($70,000.00), be dispersed as follows:

    i.    Cash at settlement is the amount of Thirty-Six Thousand Seven Hundred Eleven Dollars and Seventy-Five cents ($36,711.75) payable by check to Spicer Olin & Associates, PC for attorneys' fees and costs;

    ii.    Future periodic payments will be paid out through an annuity funded by Selective Way Insurance Company for the cost of Thirty-three Thousand Two Hundred Eighty-eight dollars and twenty-five cents ($33,288.25) according to the schedule as follows (the "Periodic Payments"), payable to N.K. (Payee) as follows:

    (a)    Ten Thousand Dollars and No Cents ($10,000.00 payable as a lump sum on June 15, 2029, guaranteed,

    (b)    Thirteen Thousand Dollars and No Cents ($13,000.00) payable as a lump sum on December 13, 2031, guaranteed, and

    (c)    Seventeen Thousand Seven Hundred Eighty Seven Dollars and Six Cents ($17,787.06) payable as a lump sum on December 13, 2034, guaranteed.

    iii.    The cost of the Periodic Payments is disclosed above as a condition of settlement. No part of the cost of the Periodic Payments may be paid directly to the Petitioner or any Payee, inasmuch as the parties negotiated for a structured settlement, and the Periodic Payments, and all other sums set forth herein, constitute damages on account of personal physical

injuries or sickness, within the meaning of §104(a)(2) of the Internal
Revenue Code of 1986, as amended;

iv.   Petitioner acknowledges and agrees that the Respondents will make a
"qualified assignment", within the meaning of §130(c) of the Internal
Revenue Code of 1986, as amended, of the Respondents' liability to make
the Periodic Payments set forth herein;

v.   The obligation to make the periodic payments described herein may be
assigned to Pacific Life & Annuity Services, Inc. and funded by an
annuity contract issued by Pacific Life Insurance Company; and

vi.   Any payments to be made after the death of any Payee/Petitioner pursuant
to the terms of the executed Settlement Agreement shall be made to such
person or entity as shall be designated in writing by Petitioner to the
Insurers or the Insurers' Assignee, upon reaching the age of majority. If no
person or entity is so designated by Petitioner, or if the person designated
is not living at the time of the Payee's death, such payments shall be made
to the estate of the Payee. No such designation, nor any revocation thereof,
shall be effective unless it is in writing and delivered to the Insurers or the
Insurers' Assignee. The Designation must be in a form acceptable to the
Insurers or the Insurers' Assignee before such payments are made, but, in
no event, shall the request of the payee be unreasonably withheld or
denied.

It is further ORDERED, ADJUDGED and DECREED that the compromise settlement
shall be binding upon the Petitioner and shall serve as a full satisfaction, final release, and
discharge of any and all claims, whether known or unknown, now or in the future, against the

Respondents, Charlie Webb Branham and ECO Hauling, Inc., and their subsidiaries, divisions, insurers, affiliates, directors, officers, agents, employees, shareholders, successors, assignees, insurers, and attorneys, as well as its insurance carrier, Selective Way Insurance Company, their subsidiaries, divisions, insurers, affiliates, directors, officers, agents, employees, shareholders, successors, assignees, insurers, and attorneys for the claims brought on behalf of the Petitioner against the Respondents.

The Court also DISMISSES as moot the parties' previous motions for approval of their settlement agreement. Dkt. 22; Dkt. 28.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to the parties.

Entered this 26th day of September, 2023.


NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE